**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

JUDITH FREDERICK,
    Plaintiff,

                                      **CASE NO.**

vs.

MONITRONICS SECURITY,
LP, a foreign Limited
Partnership,                                  **COMPLAINT**
    Defendant.
_____/

    Plaintiff, Judith Frederick, by her undersigned counsel, hereby files this Complaint against the Defendant, Monitronics Security, LP, a foreign Limited Partnership. In support hereof, she states as follows:

**I.
NATURE OF THE ACTION**

1. This is an action for damages and injunctive relief caused by Defendant's refusal to permit Plaintiff to take a medical leave of absence from employment; and the subsequent discharge of the Plaintiff from her employment, both the refusal to allow the taking of the medical leave, and the subsequent discharge, constitute violations of the Family Medical Leave Act of 1993, 29 U.S.C. 2612 (a)(1)(C).

**II.
JURISDICTION AND VENUE**

2. This action is brought pursuant to the Family Medical Leave Act of 1993 (hereinafter, referred to as, the "FMLA"), 29 U.S.C. Section 2601, *et seq.*, due to the Plaintiff's stated need to care for her child, which resulted in the denial of previously approved medical

1

leave; and ultimately, because of Defendant's expressed opposition to providing the leave, the Plaintiff was dismissed from her employment with the Defendant.

3. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. Section 2617 and 28 U.S.C. Section 1331.

4. The unlawful employment practices described herein, were committed within the Southern District of Florida; specifically, in West Palm Beach, Palm Beach County, Florida; and accordingly, venue in this district is proper pursuant to 28 U.S.C. Section 1391 (b).

## III.
## PARTIES

5. Plaintiff, Judith Frederick (hereinafter, referred to as, "FREDERICK"), was previously a resident of West Palm Beach, Palm Beach County, Florida, and at all material times herein, she was employed as a Customer Support Agent for the Defendant, herein, as well as for its predecessor in interest, Security Networks.

6. Defendant, Monitronics, LP (hereinafter, referred to as, "MONITRONICS"), is a foreign Limited Partnership, with its headquarters, in Dallas, Texas; and it previously operated from business facilities, located in Ft. Lauderdale, Broward County, Florida; wherein it sold security services and security products to commercial and residential accounts throughout the State of Florida.

7. Defendant, MONITRONICS, is the successor in interest to the business entity, previously known as, "Security Networks, LLC" (hereinafter, referred to as, "SECURITY

NETWORKS"), where Plaintiff was previously employed; and MONITRONICS is responsible for complying with FMLA legal obligations of SECURITY NETWORKS, since the following factors were satisfied, with regard to both entities: (1) continuity of operations; (2) use of the same facility; (3) continuity of the work force; (4) similarity in working environment; (5) similarity of supervisory personnel; (6) similarity of equipment and method; (7) similarity of services and (8) ability of the predecessor to provide relief; and in addition, MONITRONICS affirmatively agreed and consented to be bound by the prior FMLA legal obligations of SECURITY NETWORKS.

8. Defendant, MONITRONICS, is a covered private employer, and it is subject to the provisions of the Family Medical Leave Act of 1993, "FMLA," see, 29 C.F.R. section 625.106; and it is legally required to abide by the FMLA obligations of its predecessor in interest, SECURITY NETWORKS.

9. Plaintiff, FREDERICK, had worked at least One Thousand Two Hundred Fifty (1,250) hours during her previous twelve (12) months of employment, to which she had been appointed by the Defendant's legal predecessor in interest; and continuing with the Defendant, herein, and hence, she was entitled to legal protection under the FMLA.

### IV.
### FACTUAL ALLEGATIONS

10. On July 24, 2013, Plaintiff submitted a medical certification form, under the FMLA, to the predecessor in interest to Defendant employer, SECURITY NETWORKS, in order to take a medical leave of absence, due to her son's medical condition; and because of the

severity of the medical condition, the child required physician visits at least three times per week.

11. Defendant employer's predecessor in interest, SECURITY NETWORKS, approved Plaintiff's application for FMLA leave on an intermittent basis; FREDERICK was permitted to take leave to attend to her child, two hours per day, on three occasions per week.

12. On or about October 11, 2013, MONITRONICS offered FREDERICK a position in Dallas, Texas, in the position of Account Resolution Specialist, upon the completion of the acquisition of SECURITY NETWORKS by the Defendant herein.

13. Thereafter, MONITRONICS sent FREDERICK another offer letter, on October 22, 2013, extending an offer in Dallas, Texas, for the Account Resolution Specialist Position; and Plaintiff accepted this offer

14. This offer was made by MONITRONICS because its management and supervisory personnel was aware of FREDERICK'S superior job performance with the predecessor in interest, SECURITY NETWORKS.

15. Following the acceptance of the job offer by FREDERICK, she was placed on MONITRONIC'S payroll; and she continued to work at the SECURITY NETWORKS job site, located in West Palm Beach, Palm Beach County, Florida.

16. Upon the acquisition of SECURITY NETWORKS by MONITRONICS, the successor entity, the Defendant herein, acknowledged its legal obligations to Plaintiff, under the FMLA; based upon the prior approval by SECURITY NETWORKS, of the FMLA

certification form; and in addition, MONITRONICS is legally obligated to comply with Plaintiff's FMLA certification, by operation of law.

17. On January 21, 2014, Plaintiff was entitled to be absent from work, due to the previously submitted and approved medical certification form, in order to properly care for her son; the absence was for a routine medical appointment for the child; for which the Defendant had prior approved notification.

18. Defendant, acting through its duly authorized employees and representatives, were fully aware of the approval, which Plaintiff had previously received to be absent from work on January 21, 2014.

19. Nevertheless, on January 23, 2014, Defendant acting through its duly authorized employee and representative, Ms. Stacy Young, terminated Plaintiff from her employment, allegedly for being absent from work, on January 21, 2014, purportedly because there was no prior authorization or justification for the absence.

20. Ms. Young told the Plaintiff on January 23, 2014, that she had been characterized as a "no call," and or "no show," even though FREDERICK was absent on January 21, 2014, for a previously approved medical leave to attend to a routine regularly scheduled visit with her son's specialist.

21. Defendant, acting through its duly authorized employees and representatives, intentionally violated the FMLA, by wrongfully terminating Plaintiff on January 23, 2014.

22. By terminating Plaintiff on January 23, 2014, Defendant, acting through its duly authorized employees and representatives, intentionally interfered with Plaintiff's substantive rights under the FMLA.

23. By terminating Plaintiff on January 23, 2014, Defendant, acting through its duly authorized employees and representatives, retaliated against Plaintiff for lawfully exercising her rights under the FMLA.

24. Defendant had no reasonable legal justification or business reason for the dismissal of Plaintiff from her employment; and any purported business reason was not supported by any operative facts and constituted a mere pretext for the termination.

## COUNT I
### (VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, SUBSTANTIVE VIOLATION)

25. The Plaintiff reasserts and reavers the allegations contained in Paragraphs 1-24 of the Complaint, as if fully set forth herein.

26. The Plaintiff worked at least 1,250 hours during her previous 12 months of employment, for the Defendant's predecessor in interest; and then, continuing for the Defendant herein, and hence, she was entitled to protection under the FMLA.

27. The Defendant was responsible for employing 50 or more employees within a 75 mile radius, pursuant to its local business operations, within the previous 12 months, before it terminated Plaintiff on January 24, 2014; and hence, the Defendant, as a covered employer, was required to comply with the provisions of the FMLA.

28. At all times relevant to the facts alleged in this Complaint, Plaintiff was required to care for her child, who suffered from a serious health condition; and these circumstances required her to take time off from work, as she was legally entitled to do, pursuant to the provisions of the FMLA.

29. The Plaintiff properly exercised her FMLA rights by requesting and lawfully taking medical leave for one or more serious health conditions, as sustained by her son, within the 12 months before her discharge, as prescribed by 29 U.S.C. Section 2612 (a) (1) (C).

30. The Defendant interfered with Plaintiff's exercise of her lawful FMLA rights by proceeding to declare that Plaintiff was absent from work without justification, and then Defendant implemented her termination from employment, indirect violation of the FMLA, 29 U.S.C. Section 2615 (a) (1).

31. The Plaintiff has suffered substantial damages, due to the Defendant's willful violations of the FMLA, for which she is entitled to legal and injunctive relief.

**WHEREFORE,** the Plaintiff, Judith Frederick, requests that this Court declare and undertake the following relief:

(1) Enter judgment, indicating that the Defendant's interference and denial of Plaintiff's rights under the FMLA: was in violat6ion of her substantive rights under the FMLA, 29 U.S. C. Section 2612 (a)(1) (C);

(2) Enjoin and permanently restrain the Defendant from committing further violations of the FMLA;

(3) Direct the Defendant to reinstate the Plaintiff, with full seniority, to an equivalent position, with back pay, plus interest, pension rights and all benefits associated with her prior employment, or in the alternative enter a judgment, pursuant to 29 U.S.C. Section 2617 (a)(1)(A)(i) (II), against the Defendant, and in favor of the Plaintiff for monetary losses, which she has suffered, as a direct result of the Defendant's violation of the FMLA;

(4) Enter an award of liquidated damages against the Defendant and in favor of the Plaintiff;

(5) Enter a judgment pursuant to 29 U.S.C> Section 2617 (a)(3) against the Defendant, and in favor of the Plaintiff for reasonable attorney's fees and costs incurred in this action; and

(6) Award the Plai9ntiff any additional relief to which she is lawfully entitled pursuant to the FMLA.

## COUNT II
### (VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, RETALIATION)

32. The Plaintiff reasserts and reavers the allegations contained in Paragraphs 1-24 of the Complaint, as if fully set forth herein.

33. The Plaintiff worked at least 1,250 hours during her previous 12 months of employment, for the Defendant's predecessor in interest; and then, continuing for the Defendant herein, and hence, she was entitled to protection under the FMLA.

34. The Defendant was responsible for employing 50 or more employees within a 75 mile radius, pursuant to its local business operations, within the previous 12 months, before it terminated Plaintiff on January 24, 2014; and hence, the Defendant, as a covered employer, was required to comply with the provisions of the FMLA.

35. At all times relevant to the facts alleged in this Complaint, Plaintiff was required to care for her child, who suffered from a serious health condition; and these circumstances required her to take time off from work, as she was legally entitled to do, pursuant to the provisions of the FMLA.

36. The Plaintiff properly exercised her FMLA rights by requesting and lawfully taking medical leave for one or more serious health conditions, as sustained by her son, within the 12 months before her discharge, as prescribed by 29 U.S.C. Section 2612 (a) (1) (C).

37. The Defendant interfered with Plaintiff's exercise of her lawful FMLA rights by retaliating against her, in violation of the FMLA, by falsely claiming that she was absent from work without justification, and or authorization, in violation of the FMLA, 29 U.S.C. Section 2614 (a) (1) (A) and 2615 (a)(2).

38. There was a causal connection between the exercise of Plaintiff's lawful rights under the FMLA, by the seeking of health care certification, for the care and treatment of her son, and the adverse personnel action, implemented by the Defendant, the termination of Plaintiff from her employment.

39. The Plaintiff has suffered substantial damages, due to the Defendant's willful violations of the FMLA, for which she is entitled to legal and injunctive relief.

**WHEREFORE,** the Plaintiff, Judith Frederick, requests that this Court declare and undertake the following relief:

(1) Enter judgment, indicating that the Defendant's interference and denial of Plaintiff's rights under the FMLA: was in violat6ion of her substantive rights under the FMLA, 29 U.S. C. Section 2612 (a)(1) (C);

(2) Enjoin and permanently restrain the Defendant from committing further violations of the FMLA;

(3) Direct the Defendant to reinstate the Plaintiff, with full seniority, to an equivalent position, with back pay, plus interest, pension rights and all benefits associated with her prior employment, or in the alternative enter a judgment, pursuant to 29 U.S.C. Section 2617 (a)(1)(A)(i) (II), against the Defendant, and in favor of the Plaintiff for monetary losses, which she has suffered, as a direct result of the Defendant's violation of the FMLA;

(4) Enter an award of liquidated damages against the Defendant and in favor of the Plaintiff;

(5) Enter a judgment pursuant to 29 U.S.C. Section 2617 (a)(3) against the Defendant, and in favor of the Plaintiff for reasonable attorney's fees and costs incurred in this action; and

(6) Award the Plai9ntiff any additional relief to which she is lawfully entitled pursuant to the FMLA.

## **Demand for Jury Trial**

Plaintiff demands Trial by Jury of All Issues So Triable.

>Respectfully submitted,
>
>Mark J. Berkowitz, P.A.
>Attorney for Plaintiff
>800 S.E. Third Avenue
>Suite 400
>Ft. Lauderdale, Florida 33316
>(954) 527-0570 Telephone
>(954) 767-0483 Telecopier
>E-Mail: mjb2157@aol.com.
>Fla. Bar No. 369391
>
>/s/ Mark J. Berkowitz
>By: Mark J. Berkowitz

Dated on this 5th day of June, 2014.